IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:13CR486 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| CURTIS HENDERSON, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Steven M. Dettelbach, United States Attorney, and Om M. Kakani, Assistant United States Attorney, submitting this Sentencing Memorandum, in which the Government objects to the finding in the Presentence Investigation Report that the Defendant Curtis Henderson possessed a "high capacity magazine."

**SUMMARY OF OFFENSE**

On October 4, 2013, Cleveland Police detectives obtained a search warrant for the Defendant's residence at 9324 Pratt Avenue, Cleveland, Ohio, seeking contraband including any firearms, ammunition, or illegal drugs.

The officers had conducted controlled buys from the Defendant using a confidential informant [CI]. The CI indicated the Defendant, known as "Black," sold crack cocaine from 9324 Pratt Avenue. Officers assigned to the Gang Impact Unit had been conducting surveillance for four weeks prior to requesting the search warrant. Officers detected moderate vehicular traffic in which multiple cars approached East 94th Street and parked two houses south of Pratt Avenue. Shortly thereafter, the Defendant exited through the front door of his home at 9324 Pratt Avenue, walked east to 94th Street, and approached the vehicle. He and an occupant conducted a hand-to-hand exchange of suspected narcotics and U.S. currency. The Defendant then returned to his home, entering the front door. Surveillance revealed an ongoing pattern of this behavior, suggesting drug activity.

On one particular occasion, a CI was provided pre-marked "buy" money and fitted with an audio listening device. He placed a call to "Black" and arranged to purchase crack cocaine. A detective drove the CI to 9324 Pratt and they parked three houses west. Other officers were in unmarked vehicles and providing surveillance. The Defendant was observed leaving his residence, walking down to their vehicle, and he approached their vehicle, on the passenger-side. The CI and the Defendant made an exchange of "buy" money for crack cocaine. The Defendant then turned around and walked back to his residence.

On October 9, 2013, at approximately 6:40 P.M., Cleveland Police officers observed the Defendant exit the residence and stopped him. Officers, including a SWAT unit, executed the search warrant at 6:50 P.M., resulting in the seizure of a Sig Sauer, .P226 9mm semi-automatic pistol loaded with 15 rounds of ammunition; a Harrington and Richardson .38 caliber revolver loaded with 5 rounds of ammunition; and a fully loaded Tapco 30-round 7.62 x 39 caliber,

magazine, and ammunition for use with an AK-47. Both firearms and the Tapco magazine were found on the nightstand in the Defendant's bedroom.

Officers also seized quantities of crack cocaine, a white powder substance, and drug paraphernalia in the kitchen and attic. Paraphernalia included beakers and glass bottles with various residue (including heroin, PCP, and cocaine), as well as a digital scale. The forensic lab report did not specify cocaine versus crack cocaine; however, the seized "cocaine" weighed 10.27 grams and appears to have been cocaine base. Several items also contained residue, which was not computed into this amount. There were also noncontrolled substance seizures of 114.42 grams.

The Defendant later admitted that everything found in his residence belonged to him.

Prior to October 9, 2013, the Defendant had prior felony convictions for Possession of Drugs, in two Cuyahoga County matters.

Henderson was subsequently charged with a violation of Title 18, United States Code, Section 922(g)(1), in the Northern District of Ohio. On December 30, 2013, Henderson pleaded guilty to the indictment before this Court, without a plea agreement.

## THE PRESENTENCE INVESTIGATION REPORT

The Presentence Investigation Report ("PSR") calculated Henderson's base offense level at 20, pursuant to U.S.S.G. §2K2.1(a)(4)(B)(i)(1), based upon the fact that Sig Sauer firearm had a "large capacity magazine" and was loaded with 15 rounds of live ammunition. Doc. 13: Presentence Investigation Report, ¶16, PageID 58. The PSR further assessed four points against Henderson, pursuant to U.S.S.G. §2K2.1(b)(6)(A), for possessing the firearms in connection with the felony offense of narcotics trafficking. Id., ¶17, PageID 58. The PSR then reduced

3

Henderson's total offense from 24 to 21, based upon his acceptance of responsibility for the instant offense. Id., ¶¶ 23 – 25, PageID 58.

The PSR further calculated a total of 16 criminal history points against Defendant, relegating him to criminal history category VI. Id., ¶48, PageID 65. The resulting guideline imprisonment range, based upon the PSR calculations, was 77 months to 96 months. Id., ¶93, PageID 72.

## EXAMINATION OF THE SIG SAUER MAGAZINE

On April 9, 2014, Special Agent Kimani Howell of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") examined the magazine for the Sig Sauer firearm. The magazine did not appear to have any tool markings or other readily apparent signs that it was not in its original, manufactured condition. SA Howell noted that the magazine appeared to have a 15 round capacity, but that when fully loaded it could accept a 16th round of ammunition. The magazine could not accept a 17th round of ammunition. SA Howell did not test the firearm with the 16th round in the magazine, and cannot attest to whether the firearm would actually function, or would jam with 16 rounds in the magazine. The Government is aware that Sig Sauer manufactures a 15-round and a 20-round magazine for the .P226 nine-millimeter firearm, but cannot determine whether Sig Sauer manufactures a 16-round magazine for the recovered firearm.

## ARGUMENT

### The Presentence Investigation Report Incorrectly
### Calculated Henderson's Base Offense Level

The Government objects to the PSR's determination that Defendant Henderson's base offense level is 20 points. This determination was made on the assumption that Henderson possessed a firearm that "was loaded with 15 rounds of live ammunition, considered 'a large capacity magazine,'" citing U.S.S.G. §2K2.1(a)(4)(B)(i)(I). Doc. 13: PSR, ¶16, PageID 58.

In the Commentary to U.S.S.G. §2K2.1, Application Note 2 states that a "large capacity magazine," for the purposes of §2K2.1(a)(4), is "a magazine or similar device that could accept **more** than 15 rounds of ammunition" (emphasis added). The Sig Sauer firearm recovered in the instant case had a 15 round magazine, loaded only with 15 rounds of ammunition.

Therefore, the PSR incorrectly determined Defendant's Base Offense Level at 20.   Rather, Defendant's Base Offense Level should be assessed at 14, pursuant to U.S.S.G. §2K2.1(a)(6)(A) as his prior, relevant convictions were for the Ohio F-4 felony offense of Possession of Drugs pursuant to ORC §2925.11, which is not a controlled substance offense as defined in U.S.S.G §4B1.2(b).   The other enhancements and reductions calculated by the PSR, as described above, should remain undisturbed, and Defendant's Total Offense Level should be 15, which under criminal history category VI results in a guidelines range of imprisonment of 41 months to 51 months.

## **CONCLUSION**

For the reasons stated above, the Court should determine that Defendant's base offense level is 14 points, pursuant to U.S.S.G. §2K2.1(a)(6)(A). The Court should further accept and leave undisturbed the PSR's remaining findings of a four-level enhancement for Defendant's possession of a firearm in connection with another felony, a three-level reduction for Defendant's acceptance of responsibility, and the determination that Defendant's criminal history score is 16 points, and ultimately find that the Defendant's Total Offense Level is 15, Criminal History Category VI.

Respectfully submitted,

Steven M.    Dettelbach
UNITED STATES ATTORNEY

By:      s/Om M. Kakani
Om M. Kakani (NY 4337705)
Assistant U. S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3756  (Office)
216.522.8355  (Fax)
Om.Kakani@usdoj.gov

6

CERTIFICATE OF SERVICE

  I hereby certify that on this 14th day of April 2014, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this system through the Courts system.

           s/Om M. Kakani
           Om M. Kakani (NY 4337705)
           Assistant U. S. Attorney